Chief Justice Robertson,
delivered the opinion of the court.
In a suit prosecuted by Sanders’ heirs vs. Thompson, Gatewood and I lournoy, as executors of R. Sanders, the father of the heirs, a decree having been rendered against Thompson for a large sum, and in favor of Gatewood against the heirs, for .§1700, Thompson prosecuLcd a writ of error, which resulted in a reversal of the decree against him; (see the case in manuscript,) and the heirs instituted this suit in chancery against Gatewood, to injoin the decree which he had obtained against them. The allegations of the hill may be reduced to three classes:
1st. That the decree was rendered in consequence •of an agreement by Gatewood, that he would not en« *328 force it, until the heirs should collect the amount of their decree against Thompson, and which, as they allege, they have not been able to collect.
A decree cannot be incide-tally assailed, but is, conclusive as to the riedits and liabiliti's of the parties, until reversed by the appellate court, or impeached by an original bill for fraud in obtaining it, or attacked, for palpable error, by bill of review.
Haggin, Sunders and Chinn, for appellant; Wickliffi and Woolley, for appellee.
2d. That the decree for the f 1700, included interest and commissions, to which Gatewood was not entitled, because he had been allowed a fixed annual compensation for his services.
3d. That, as he was a co-executor with Thompson, and hound with him jointly and severally in the same bond, he should be jointly liable wifi him for the amount which had been decreed against him, instead of being allowed to escape with leave to enforce a decree against, them for §1700.
The answer denies the alleged agreement; and insists that the other grounds are concluded by the decree itself.
The circuit court dismissed the hill, and dissolved; with damages, the injunction which liad been awarded.
Whatever might he Ihe effect of the alleged agreement, if it had been admitted or proved, j et as it has been denied and is not proved, it presents no ground of equity.
Each of the other two grounds is indefensible. The decree rendered in the suit against the executors may he erroneous to the advantage of the appellee, and to the prejudice of the appellants. But it has settled the íespective righis of all the parties, and cannoffbe incidentally assailed or questioned. It is conclusive as to the rights and liabilities of the parties, until it shall have been reversed by ibis court, or impeached in an original bill for fraud in obtaining it, or attacked, for palpable error, by bill of review. If it be erroneous, the appellants have not adopted the proper mode for seeking its rectification.
Wherefore, the decree of the circuit court is affirmed, with costs and damages.